**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>OREGON RACING, INC., dba Portland Meadows<br><br>    Defendant. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

# I

## THE PARTIES

1.    Plaintiffs are the Trustees of the Service Employees International Union Local 49 Welfare Trust ("Fund").

///   ///

///   ///

Page 1 – **COMPLAINT**

2.   The Fund is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. §1002(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). A number of employers pay health contributions to the Fund pursuant to the terms of collective bargaining agreements with Service Employees International Union Local No. 49 (the "Union"). The Fund is a "multiemployer plan" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The Trustees of the Fund have discretionary authority to control and manage the Fund and are "fiduciaries" of the Fund as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3.   Defendant is a Delaware corporation authorized to conduct business in Oregon. At all times material to this lawsuit (January 1, 2014, forward), Defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. §1002(5) of ERISA, and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

II

**JURISDICTION**

4.   The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Fund against Defendant for violation of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

5.   At all material times, Defendant was signatory to and/or bound by a collective bargaining agreement (CBA) with the Union. The CBA covers employees in an industry affecting commerce, and the activities of Defendant affected commerce. The Court also has jurisdiction over the Claim for Relief against Defendant for violation of the CBA pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

Page 2 – **COMPLAINT**

6.    The Fund is administered in Portland, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

### III

### CLAIM FOR RELIEF

7.    Under the terms of the CBA, Defendant agreed to pay health contributions to the Fund on behalf of its eligible employees as described in the CBA.

8.    At all times material to this lawsuit (January 1, 2014, forward), the Trust Agreement, as amended, that created the Fund, provided that the Trustees of the Fund have the authority to audit the payroll books and records of an employer such as defendant to determine whether the employer has paid all contractually-required health contributions to the Fund. When a payroll audit is requested, the employer shall make available to the Trustees of the Fund or its designee all payroll books and records including records which the employer may be required to maintain under 29 U.S.C. §1059(a)(1) and time cards, payroll journals, payroll tax reports, and other documents and reports that reflect the hours and wages, or other compensation, of the employees, or from which such information can be verified.

9.    The Trustees of the Fund determined that Defendant's payroll books and records should be reviewed to determine whether all health contributions have been made to the Fund for eligible employees. The Trustees of the Fund designated Lindquist, LLP as the accounting firm to review Defendant's payroll books and records.

10.    Defendant has failed to cooperate and grant Lindquist, LLP access to its payroll books and records for the period January 1, 2014, forward, that are necessary to determine whether Defendant has paid all required health contributions for its eligible employees under the

CBA. This action by Defendant constitutes a breach of the CBA and a violation of the Trust Agreement, as amended, that created the Fund.

11. Defendant should be required to produce its books, payroll records, information, data, reports, and other documents necessary for Plaintiffs to determine whether all contractually- required health contributions have been paid to the Fund for Defendant's eligible employees from January 1, 2014, forward.

12. The Trustees of the Fund have no plain, speedy or adequate remedy at law.

13. The Trustees of the Fund are entitled to recover reasonable attorney fees from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, the Trustees of the Fund pray for a decree and judgment against Defendant as follows:

1. Requiring Defendant to produce all books, payroll records, information, data, reports and other documents necessary for Plaintiffs to determine whether all required health contributions have been paid for Defendant's eligible employees for the period January 1, 2014, forward;

2. Requiring Defendant to pay to the Trustees of the Fund their reasonable attorney fees and costs incurred in this lawsuit; and

3. For such further equitable relief as the Court deems just and proper.

DATED this 13 day of February 2020.

BROWNSTEIN RASK, LLP

_____
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 4 – COMPLAINT